LINDA REIVITZ, Secretary Department of Health and Social Services
You request my opinion on whether the fee charged for furnishing copies of public records is subject to Wisconsin's sales tax.
In my opinion such fees are subject to sales tax.
Section 77.52, Stats., imposes a sales tax on, among other things, the sale of tangible personal property. By virtue of the definition of "sale of tangible personal property" found in section 77.51(4)(h), the furnishing of copies of records for a fee makes the transaction subject to the sales tax. See Harold W.Fuchs Agency, Inc. v. Dept. of Revenue, 91 Wis.2d 283,282 N.W.2d 625 (1979) (gross receipts of photocopy machines are taxable).
Section 19.35(3)(a) provides that the fee charged for reproduction of public records may not exceed the "actual, necessary and direct cost . . . unless a fee is otherwise specifically established . . . by law."
The sales tax imposed by section 77.52 is not part of the fee for furnishing copies of records. Thus, the charge of the sales tax in addition to the actual cost of furnishing copies cannot be excessive within the meaning of section 19.37(4), which provides a penalty for charging excessive fees for furnishing copies of public records.
You also ask whether a charge made by a public custodian for a search for records would be subject to Wisconsin's sales tax law. Since I find no provision for taxing charges made in connection with *Page 37 
these searches, it is my opinion that any fee charged for such search is not subject to a sales tax.
Searching records is not the furnishing of tangible personal property and thus fees charged for such searches are not subject to a sales tax. See Janesville Data Center, Inc. v. Dept. ofRevenue, 84 Wis.2d 341, 267 N.W.2d 656 (1978). The same reasoning applies to certifications of copies of public records. Fees for certifying would not be subject to the sales tax but fees for providing the certified copy would be.
If the record custodian does not charge a fee for the provision of copies of records, a sales tax cannot be imposed because there is a failure of consideration requisite under section77.51(4)(h). Thus, when the custodian waives the fee for reproduction, the sales tax, in effect, is waived. But the record custodian may not waive the sales tax if a fee is charged for reproduction.
While the current law dictates the conclusion that fees charged for furnishing copies of public records are subject to sales tax, I find it somewhat anomalous that members of the public must pay tax on fees for providing copies of records which are already public property. I therefore am recommending to the Legislature that the law be changed to exempt the furnishing of copies of public records from the imposition of Wisconsin's sales tax.
BCL:WHW